PAUL M. CROKER, Esq., MO SBN#57000
pcroker@atllp.com
**ARMSTRONG TEASDALE LLP**
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108
Telephone: 816.221.3420
(*pro hac vice forthcoming*)

JULIE W. O'DELL, Esq. CA SBN#291083
julie.odell@odelllawgroup.com
VICTORIA S. YIM, Esq., CA SBN#341204
victoria.yim@odelllawgroup.com
**O'DELL LAW GROUP, APC**
30950 Rancho Viejo Road, Suite 226
San Juan Capistrano, California 92675
Telephone: (949) 409-1900

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VACCARO, individually, and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COLIBRI REAL ESTATE LLC, d/b/a XCEL SOLUTIONS, et al.<br><br>Defendants | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332(d) and 1453**<br><br>[Filed concurrently with Declaration of Anthony Olivieri; Declaration of Carol Sanginario; Notice of Interested Parties; Disclosure of Corporate Interests, and Civil Cover Sheet]<br><br>Action Filed: May 7, 2025<br>Removal Date: June 13, 2025<br>Trial: None |

1
NOTICE OF REMOVAL

**NOTICE OF REMOVAL OF CIVIL ACTION TO PLAINTIFF, TO HIS ATTORNEYS OF RECORD, AND TO THE CLERK OF THE UNITED STATES COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b), defendant Colibri Real Estate LLC d/b/a Xcel Solutions. ("Colibri") hereby removes an action originally filed in the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California. Removal is proper for the reasons set forth herein.

**I.      PROCEDURAL HISTORY.**

1. On or about May 7, 2025, plaintiff David Vaccaro filed a putative class action complaint in the Superior Court of California for the County of Los Angeles, entitled *David Vaccaro et al. v. Colibri Real Estate, et al.*, Case No. 25STCV13472 (the "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2. On or about May 15, 2025, Colibri was served with the Complaint. A true and correct copy of the service packet is attached hereto as **Exhibit 2**.

3. Plaintiff alleges that he is an individual who is a citizen and resident of California.

4. In his Complaint, Plaintiff alleges that Colibri records telephone communications of Plaintiff and the proposed classes without prior consent, in violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630 *et seq*. (Ex. 1, Compl. ¶ 1.)

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Colibri in the state court and not previously referenced are attached as **Exhibit 3**.

6. Pursuant to 28 U.S.C. § 1446(d), Colibri is filing and serving written notice of the removal of this case with the Clerk of the Superior Court of California for the County of Los Angeles and written notice of the removal of this action is also

being sent to Plaintiff's counsel as set forth in the forthcoming Proof of Service.

7. In support of its Notice of Removal, Colibri has provided a declaration from Anthony Olivieri and Carol Sanginario to provide context and additional support for the removal.

8. Nothing in this Notice of Removal shall constitute a waiver of Colibri's right to assert any defense or argument, or avail itself of any substantive or procedural right, including but not limited to any motion pursuant to Federal Rule of Civil Procedure 12 (including but not limited to motions asserting a lack of personal jurisdiction or failure to state a claim upon which relief can be granted), as the case progresses.

9. If the Court considers a remand, Colibri requests that the Court issue an order to show cause why the case should not be remanded, giving the parties the opportunity to present briefing and argument prior to any remand. This procedure is appropriate because, pursuant to 28 U.S.C. § 1447(d), a remand order is not subject to appellate review.

## II.     REMOVAL IS TIMELY.

10. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b). Plaintiff filed his Complaint on May 7, 2025, and served the Complaint on Colibri on May 15, 2025. (*See* Ex. 1, Compl.) Colibri filed this Notice of Removal within thirty (30) days of service, as required. 28 U.S.C. § 1446(b); *see, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

## III. SUBJECT MATTER JURISDICTION EXISTS.

11. This Court has original jurisdiction over the action under 28 U.S.C. § 1332(d)(2), and the action is removable to this Court pursuant to 28 U.S.C. § 1453(b).

12. A class action filed in state court is removable to federal district court under the Class Action Fairness Act ("CAFA") if: (1) the putative class includes more than 100 members; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of

plaintiffs" is diverse "from any defendant" in any one of three statutorily enumerated ways. 28 U.S.C. § 1332(d)(2). CAFA's requirements are satisfied here.

**A.     This Action Meets the "Class Action" Definition Under CAFA.**

13.    This action is a "class action." CAFA Provides:

[T]he term "class action" means any civil action filed under rule 23 of Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action….

28 U.S.C. § 1332(d)(1)(B). CAFA further provides "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

14.    Plaintiff filed this action as a putative class action. (*See* Ex. A, Compl. at 1 (titled "Class Action"); *id.* ¶ 1 (Plaintiff "bring[s] this Class Action Complaint . . ."), *id.* ¶¶ 30–43 (section entitled "Class Action Allegations").) Plaintiff also asserts that he seeks to represent a California class and California subclass. Specifically, he seeks to represent a California class (the "Class") defined as: "All persons in California whose telephone conversations were recorded without their consent by Defendant or its agent/s within the one year prior to the filing of this action to the date of class certification in this action." (*Id.* ¶ 30.) He also seeks to represent a California subclass (the "Cellphone Subclass," and together with the Class, the "Classes") defined as: "All persons in California whose telephone conversations made with their cellular telephones were recorded without their consent by Defendant or its agent/s within the one year prior to the filing of this action to the date of class certification in this action." (*Id.* ¶ 31.) The class definitions exclude Colibri as well as Colibri's employees or agents. (*Id.* ¶ 33.) Accordingly, the Complaint qualifies as a "class action" under CAFA.

///

///

### B. The Proposed Class Exceeds 100 Members.

15. The Complaint's allegations satisfy the first requirement for removal under CAFA that the putative class includes more than 100 members. 28 U.S.C. § 1332(d)(2). Plaintiff affirmatively asserts that putative class members "number in the hundreds, if not more." (Ex. 1, Compl. ¶ 33.)

16. Without conceding liability, appropriateness of class treatment, appropriateness of Plaintiff's class definition, or the validity of Plaintiff's claims for relief, if the allegations in the Complaint are accepted as true, there are more than 100 proposed class members. *See, e.g.*, *Phillips v. Wellpoint, Inc.*, No. 10-cv-357-JPG, 2010 WL 4877718, at *2 (S.D. Ill. Nov. 23, 2010) (relying on allegation in plaintiff's complaint that "the proposed class will exceed 20,000 policyholders and group members" to support a finding of jurisdiction under CAFA).

### C. The Amount in Controversy Exceeds $5 Million.

17. The Complaint's allegations satisfy the second requirement for removal under CAFA because the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the matter in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(6).

18. To meet the amount in controversy threshold, a notice of removal must include only "'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 700 (9th Cir. 2018) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.* (emphasis in original); *accord Deehan v. Amerigas Partners, L.P.*, No. 08cv1009 BTM(JMA), 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008); *Muniz v.*

*Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007).

19.  A court may consider various forms of relief sought in the complaint to determine the amount in controversy, including damages, compliance with injunctions, fees and costs, and treble and exemplary damages. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("the amount in controversy may include damages, costs of compliance with injunctions, and attorneys' fees awarded under contract or fee shifting statutes"); *see also, e.g.*, *Chess v. CF Arcis IX LLC*, No. 20-cv-01625-CRB, 2020 WL 4207322, at *4 (N.D. Cal. July 22, 2020) ("When available by statute, treble damages can be included in the calculation for the amount in controversy.") (citing *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 (9th Cir. 2000)); *Greene v. Wells Fargo Bank, N.A.*, No. 18-cv-06689-JSC, 2019 WL 1331027, at *5 (N.D. Cal. Mar. 25, 2019) ("'[I]t is well established that punitive damages are part of the amount in controversy in a civil action.'") (quoting *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001)).

20.  A defendant's burden of proof on removal "is not daunting, as courts recognize that . . . a removing defendant is *not* obligated to research, state, and prove the plaintiff's claims for damages." *Korn*, 536 F. Supp. 2d at 1204–05 (emphasis in original; internal quotation marks omitted). Indeed, "a removing defendant need not meet a preponderance standard where, as here, the amount in controversy can be determined on the face of the pleadings." *Chess*, 2020 WL 4207322, at *4. Rather, "'[t]he sum claimed by the plaintiff controls so long as the claim is made in good faith.'" *Id.* (quoting *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000)).

21.  Here, Plaintiff alleges that "Plaintiff does not know the number of members in the Classes, but believes the members of the Classes number in the hundreds, if not more" and thus calculation of the amount of controversy is a straightforward analysis. (Ex. 1, Compl. ¶ 33.)

22.     Based on the Complaint's allegation as well as Colibri's independent investigation, there at least a thousand instances where telephone communications were made to residents of California during the year prior to the filing of this Complaint and thus more than a thousand potential class members based on theories alleged in the Complaint and Classes identified.[1] See Declaration of Anthony Olivier, attached hereto as **Exhibit 4**.

23.     The Complaint seeks statutory damages under California Penal Code § 637.2(a) of $5,000 per class member, per violation, or three times actual damages per class member, per violation. (Ex. 1, Compl. ¶¶ 69.) Based on a thousand potential class members, if Plaintiff were to prevail in this action, the recovery available to the putative class action collectively under section 637.2(a) would total $5,000,000 i.e. one thousand members with one violation a piece multiplied by the statutory damage of at least $5,000 per violation equates to $5,000,000 in statutory damages.

24.     Furthermore, in addition to the statutory damages under section 637.2(a) outlined in the above paragraph, the Complaint seeks statutory damages under California Penal Code § 632.7 of $2,500 per class member, per violation. (Ex. 1, Compl. ¶¶ 78.) Here again, based on a thousand potential class members, if Plaintiff were to prevail in this action, the recovery available to the putative class collectively, under section 632.7 would total an additional $2,500,000 in statutory damages. Thus, based on statutory damages alone, the amount in controversy far exceeds the $5,000,000.

25.     As demonstrated above, the implicated statutory damages are greater than $5,000,000 and this calculation does not include additional monetary relief sought by Plaintiff which includes: exemplary damages, prejudgment interest, costs of suit, and attorneys' fees and costs pursuant to Cal. Code of Civ. Proc. § 1021.5.

---

[1] Colibri's own investigation confirms that there were at least a thousand calls made during the alleged class period. *See Roth v. CHA Hollywood Center, L.P.*, 720 F.3d 1121, 1125 (9th. Cir. 2013).

26. Without conceding liability, appropriateness of class treatment, appropriateness of Plaintiff's class definition, or the validity of Plaintiff's claim for relief, the face of the Complaint plausibly establishes that the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2).

**D.     There Is Minimal Diversity.**

27. The Complaint's allegations satisfy the minimal diversity under CAFA because Plaintiff and putative class members are citizens of a state different from the Defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

28. Plaintiff and the putative Classes are California residents and therefore domiciled in California. (Ex. 1, Compl. ¶¶ 6, 30–31.)

29. Defendant Colibri is, and was at the time the Complaint was filed, organized in the state of Missouri with its principal places of business in the state of Missouri. See Defendant Colibri Real Estate LLC's Corporate Disclosure Statement and Notice of Interested Parties, contemporaneously filed; Declaration of Carol Sanginario attached hereto as **Exhibit 5**. It is therefore domiciled in Missouri.

30. The sole member of Defendant Colibri is McKissock, LLC, a legal entity organized in the state of Delaware. *Id.*

31. The sole member of McKissock, LLC, is McKissock Investment Holdings, LLC, a legal entity organized in the state of Delaware. *Id.*

32. The sole member of McKissock Investment Holdings, LLC, is CG Intermediate Holdings, Inc., a corporation, incorporated in the state of Delaware with no office but its principal place of business was previously in the state of Missouri. *Id.*

33. As outlined above, minimum diversity exists because Defendant Colibri is domiciled in Missouri and all other related entities or corporation are domiciled in the state of Delaware or Missouri. *Id.*

34. Further, Plaintiff's Complaint alleges that "Defendant COLIBRI REAL ESTATE, LLC ("Defendant") is, and at all times mentioned herein was, a Missouri

company doing business under the brand name Xcel Solutions . . ." (Ex. 1, Compl. ¶ 7).

35. Here, Colibri is a citizen of Missouri, and Plaintiff and the putative Classes are citizens of California and thus the minimal diversity requirement under CAFA is met.

### E. Defendant Is Not a State, State Official, or Other Governmental Entity.

36. Defendant is not a state, state official, or other governmental entity.

37. Thus, this action is removable under CAFA.

### IV. VENUE IS PROPER.

38. Removal to this judicial district is proper because this district includes the County of Los Angeles, where the action is currently pending. *See* 28 U.S.C. § 84(a); 28 U.S.C. § 1441(a). Removal to this division is proper because this division includes the County of Los Angeles. *See, e.g.*, General Order No. 24-04 at I.B.1.b ("a case removed from state court will be randomly assigned . . . for the division embracing the place where the state court action was pending").

### V. CONCLUSION.

39. Based on the foregoing, Colibri removes the civil action filed in the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California.

40. Colibri reserves the right to amend and/or supplement this Notice of Removal.

Dated: June 13, 2025          **O'DELL LAW GROUP, APC**

By: *Julie W. O'Dell*
Julie W. O'Dell, Esq.
Victoria S. Yim, Esq.

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on **June 13, 2025**. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **June 13, 2025**.

*Julie W. O'Dell*
Julie W. O'Dell